UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MARK ONDIS

    Plaintiff,

v.      : CASE No. 5:10-CV-98-OC-18TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 (Doc. 26) filed by counsel for the plaintiff on May 26, 2011. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), I recommend that the plaintiff be awarded $2,450.84 in fees.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated March 2, 2011 (Doc. 24).

Judgment was therefore entered in favor of the plaintiff (Doc. 25). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 26).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $2,450.84 (Doc. 26). This amount represents 14 hours of service before the court in 2010 and 2011 at an hourly rate of $175.06 by attorney Nora Leto (Docs. 26-2; 26-3). The plaintiff has certified that the defendant has no objection to the requested fees (see Doc. 26, p. 2). Furthermore, because the defendant has not responded to the motion, it can be assumed that the defendant has no objection to the requested relief. See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 14 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $175.06 per hour for work performed in 2010 and 2011 (Doc. 26-2). In light of the defendant's lack of objection, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted. Similar cost of living adjustments have been made on fee applications where the Commissioner has raised no objection.

For the foregoing reasons, I recommend that the plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 (Doc. 26) be granted, and that the plaintiff be awarded the amount of **$2,450.84** in attorney's fees to be paid by the defendant pursuant to the EAJA.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JUNE 16, 2011

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of

its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).